UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KHOSROW ONBIRBACK, et al.,

Plaintiffs,

v.

PREMIER AUTO CREDIT, et al.,

Defendants.

Case No.  25-cv-05684-SVK

**ORDER ON NON-PARTY HASSAN ABPIKAR'S MOTION TO INTERVENE**

Re: Dkt. No. 76

Before the Court is the motion of non-party Hassan Abpikar to intervene in this action, either as of right pursuant to Federal Rule of Civil Procedure 24(a)(2) or permissively pursuant to Rule 24(b)(1)(B).  Dkt. 76.  This matter is suitable for determination without a hearing. Civ. L.R. 7-1(b).  Having considered the record before it and the relevant law, the Court **DENIES** Mr. Abpikar's motion to intervene.[1]

## I.    BACKGROUND

### A.    The parties and the allegations giving rise to this litigation

The Plaintiffs are San Jose Auto Outlet Plus Trucks Inc. ("SJAO") and its owner, Khosrow Onbirback.  Dkt. 1 ¶¶ 12-13.  The Defendants that remain in the case include: (1) Premier Auto Credit ("Premier) and its officers/employees Sean Rastegar, Bruce Horowitz, and Edward Mendoza; and (2) KPMG, which Plaintiffs allege acted as an auditor for Premier.  *Id.* ¶¶ 13-16.[2]

It appears from the complaint that Plaintiff SJAO is an automobile dealership.  Dkt. 1 ¶¶ 1, 4.  Defendant Premier is alleged to be an independent subprime auto lender that "purchase[s] loans

---

[1] All current parties to this action have consented to the jurisdiction of a magistrate judge.  Dkt. 7, 24, 51, 60.

[2] Plaintiffs have dismissed the other Defendants named in the complaint:  William B. Thomas, Rogelio "Roger" Aguirre, and Leidy Quiroga.  *See* Dkt. 74, 87.

from dealers individually and in bulk for borrowers with bad credit or no credit." *Id.* ¶ 3.  Premier typically appoints a sales representative to prepare and process loan applications at the dealership. *Id.* ¶ 4.

Plaintiffs allege that Premier and its employees engaged in various misconduct by which they falsified income employment information in connection with 290 auto loan applications. *Id.* ¶¶ 7-8, 57.  According to Plaintiffs, 79 of those 290 applications resulted in default, which caused Plaintiffs to suffer damages. *Id.* ¶ 8.  The Complaint alleges that Premier sold the fraudulent loans to major banks. *Id.* ¶ 9.

Plaintiffs allege that Defendant KPMG acted as an auditor for Premier and for major banks. *Id.* ¶¶ 10, 17.

### B.     Procedural background

Plaintiffs filed this lawsuit on July 7, 2025.  Dkt. 1.  The complaint contains causes of action for:  (1) bank fraud; (2) wire fraud; (3) violation of the Racketeer Influenced and Corrupt Organization Act ("RICO"); (4) intentional misrepresentation/fraud; (5), (6), and (9) various conspiracies; (7) grand theft; and (8) concealing Plaintiffs' cash. *Id.*  Currently pending are motions to compel arbitration by Premier and its employees (Dkt. 15, 43) and KPMG's motion to dismiss (Dkt. 72).  Those motions will be addressed in future orders.

### C.     Mr. Abpikar's motion to intervene

Now before the Court is Mr. Abpikar's motion to intervene.  Dkt. 76.  In support of the motion, Mr. Abpikar submitted a declaration explaining that he is a longtime friend of Plaintiff Onbirback.  Dkt. 76-1 ¶ 6.  Mr. Onbirback asked Mr. Abpikar to become his consultant to help him with his issues with Premier in connection with the approval and funding of many allegedly falsified auto loan applications. *Id.* ¶ 7.  Mr. Abpikar agreed to do so in exchange for a 30% share of the amount recovered by Plaintiffs, and he and Mr. Onbirback entered into a written Recovery Assistance & Success Fee Agreement ("Fee Agreement"). *Id.* ¶¶ 8-11; Ex. A to Dkt. 76-1. Mr. Abpikar states that he subsequently spent considerable time and effort investigating issues regarding the loans.  Dkt. 76-1 ¶¶ 12-20.

According to Mr. Abpikar, in late 2025 or early 2026 Mr. Onbirback made several statements that appeared to repudiate the Fee Agreement. *Id.* ¶¶ 21-24, 26.  Shortly thereafter, Mr.

United States District Court
Northern District of California

2

Abpikar filed the present motion to intervene. Dkt. 76. Mr. Onbirback filed a notice of non-opposition, in which he acknowledges his Fee Agreement with Mr. Abpikar and Mr. Abpikar's "legally protectable interest" in the proceeds of this litigation, offers an explanation for his "prior position opposing Abpikar's entitlement to intervention," and states that he does not oppose Abpikar's request to intervene "for the limited purpose of protecting his contractual and equitable interest in any recovery obtained in this action." *Id.* No other party has filed a response to the motion to intervene.

## II.    LEGAL STANDARD

Intervention is governed by Federal Rule of Civil Procedure 24. Rule 24(a) allows for intervention of right under some circumstances, and Rule 24(b) relates to permissive intervention.

The rule upon which Mr. Abpikar relies for intervention of right states that on timely motion, the court <u>must</u> permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). "A motion to intervene of right under Rule 24(a) is subject to the following four-part test: (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Forest Conservation Council v. United States Forest Service*, 66 F.3d 1489, 1493 (9th Cir.1995) (quoting *Sierra Club v. U.S. E.P.A.*, 995 F.2d 1478, 1481 (9th Cir. 1993)); *see also Marshall v. Huffman*, No. C 10-1665 SI, 2010 WL 3505036, at *1 (N.D. Cal. Sep. 7, 2010).

The rule upon which Mr. Abpikar relies for permissive intervention states that on timely motion the court <u>may</u> permit anyone to intervene who "has a claim or defense that shares with the main action a common question of law or fact."[3] Fed. R. Civ. P. 24(b)(1)(B). The existence of a

---

[3] Rules 24(a) and (b) also allow intervention if a federal statute gives the applicant a right to intervene, but no federal statute gives Mr. Abpikar's this right.

United States District Court
Northern District of California

common question or law or fact "does not automatically entitle an applicant to intervene." *Venegas v. Skaggs,* 867 F.2d 527, 530 (9th Cir. 1989). Rather, Rule 24(b) vests "discretion in the district court to determine the fairest and most efficient method of handling a case." *Id.* (citing *SEC v. Everest Mgmt. Corp.,* 475 F.32d 1236, 1240 (2d Cir.1972)); *see also Marshall*, 2010 WL 3505036, at *2 ("Permissive intervention 'is committed to the broad discretion of the district court'" (quoting *Orange County v. Air Cal.*, 799 F.2d 535, 539 (9th Cir.1986)). "This means that the court must determine whether intervention will 'unduly prejudice the adjudication of the rights of the original parties' to the underlying suit." *Clear-View Techs., Inc. v. Rasnick*, No. 13-cv-02744-BLF, 2015 WL 1928097, at * 1 (N.D. Cal. Apr. 28, 2015) (quoting Fed. R. Civ. P. 24(b)); *see also* Fed. R. Civ. P. 24(b)(3).

"The proposed intervenor bears the burden to show that all conditions for intervention are satisfied." *Clear-View Techs.,* 2015 WL 1928097, at *1 (citation omitted).

### III.    DISCUSSION

#### A.    Intervention of right

Mr. Abpikar's motion to intervene is timely. However, the Court finds that Mr. Abpikar is not entitled to intervene as a matter of right because he has not demonstrated that he has a "significantly protectable" interest relating to the property or transaction which is the subject of this action. *See Forest Conservation*, 66 F.3d at 1493. "An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *U.S. v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004). A consultant's contractual entitlement to a portion of a plaintiff's litigation recovery, such as Mr. Abpikar's interest under his Fee Agreement with Mr. Onbirback, has been held not to be a significantly protectable interest in the plaintiff's claims against the defendants. *See Marshall*, 2010 WL 3505036, at *1 (denying motion to intervene as of right or permissibly brought by consultant to plaintiff who was entitled to 25% of plaintiff's litigation recovery).

Even if Mr. Abpikar had established a significant protectable interest, disposition of this action will not "as a practical matter impair or impede [Mr. Abpikar's] ability to protect" whatever contractual interests he does have because he can file a notice of lien and/or a separate action on

his Fee Agreement. *Id.*; *see also* Ex. A to Dkt. 76 at ¶ 5 (Fee Agreement provision granting Mr. Abpikar "an equitable lien and security interest in all recovered proceeds").

In addition, Mr. Abpikar has not shown that his interest is inadequately represented by the parties to the action. Plaintiffs share Mr. Abpikar's interest in maximizing the amount of recovery from Defendants. Moreover, Mr. Onbirback has acknowledged and reaffirmed his obligations towards Mr. Abpikar under the Fee Agreement. *See* Dkt. 88. "[E]ven if [Plaintiffs] do not adequately represent [Mr. Abpikar's] interests, [Mr. Abpikar] nonetheless has the opportunity to protect himself" as explained in the preceding paragraph. *See Alisal Water*, 370 F.3d at 924.

Accordingly, Mr. Abpikar is not entitled to intervene as of right in this action.

### B.     Permissive

Some of the requirements for permissive intervention are satisfied: Mr. Abpikar's motion is timely, and none of the original parties have demonstrated or even argued that allowing him to intervene will unduly delay or prejudice the adjudication of the original parties' rights. *See* Fed. R. Civ. P. 24(b)(3). Nevertheless, permissive intervention is warranted only if the party seeking to intervene has a claim or defense that shares a "common question of law or fact" with the main action. Fed. R. Civ. P. 24(b)(1)(B).

Mr. Abpikar argues that this requirement is satisfied because his "claim to enforce the Fee Agreement depends entirely on the existence and amount of any recovery from Premier Auto Credit – a fact and legal question central to this case." Dkt. 76 at 7. Mr. Abpikar's possible entitlement under the Fee Agreement to a portion of Plaintiffs' proceeds from this litigation as a result of his work as Mr. Onbirback's consultant is not a question common to the claims Plaintiffs are asserting in this litigation or the facts that give rise to this dispute – namely, Defendants' alleged misconduct with respect to auto loans made by SJAO. "A dispute over the payment of fees for litigation services is not rendered common to the underlying action simply because both parties allege that Defendants have engaged in bad behavior[]." *Clear-View Techs.,* 2015 WL 1928097, at *3 (denying permissive intervention by consultant who claimed he was owed fees by one of the parties to the litigation, noting that consultant "cites no cases in its motion or reply where a court appointed expert (or any expert) was permitted to intervene in an underlying action

simply by virtue of a fee dispute with one of the parties to that action").

The Fee Agreement between Mr. Abpikar and Mr. Onbirback has some similarities to the attorney's contingent fee agreement that was the basis for an attorney's motion for permissive intervention in *Venegas*, in which the Ninth Circuit reversed the district court's denial of the motion to intervene. 867 F.2d at 531. However, the district court in *Venegas* decided not only the merits of the plaintiffs' claims against the defendants in the main action but also decided an issue concerning how much the attorney seeking to intervene was owed under his contingent fee agreement. *Id.* at 530. Under those circumstances, the Ninth Circuit held that "[t]he trial court abused its discretion when it denied [the attorney] permissive intervention because it chose to address the merits of his contingency fee agreement." *Id.* at 531. The Ninth Circuit explained that if the district court had limited its rulings to the merits of the plaintiffs' claims against the defendants in the underlying action, its finding that there was no common question of law or fact "might have been justified." *Id.* The Ninth Circuit also "hasten[ed] to add that we are not holding that an attorney seeking to defend a contingency fee contract may intervene as of right in the underlying action." *Id.* Here, unlike in *Venegas*, there is no expectation that the Court will decide any issues concerning the Fee Agreement between Mr. Abpikar and Mr. Onbirback in this action.

In the circumstances of this case, Mr. Abpikar's Fee Agreement with Mr. Onbirback does not present common issues of law or fact with Plaintiffs' claims against Defendants. Accordingly, the Court exercises its discretion to deny Mr. Abpikar's motion for permissive intervention.

## IV.     CONCLUSION

For the foregoing reasons, Mr. Abpikar's motion to intervene is **DENIED.**

**SO ORDERED.**

Dated: March 4, 2026

SUSAN VAN KEULEN
United States Magistrate Judge

United States District Court
Northern District of California

6